IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| AFFINITY LABS OF TEXAS, LLC ) ) Plaintiff, ) ) -vs.- ) ) AMAZON.COM, INC.; ) AMAZON DIGITAL SERVICES, INC., ) ) Defendants. ) ) | The Honorable Jeffrey C. Manske<br><br>Civil Action No. 6:15-cv-00029-WSS-JCM<br><br>PATENT CASE<br>JURY TRIAL DEMANDED |

**OPPOSED MOTION OF DEFENDANTS AMAZON.COM, INC.
AND AMAZON DIGITAL SERVICES, INC. TO TRANSFER
<u>VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

J. David Hadden*
CA Bar No. 176148
dhadden@fenwick.com
Saina S. Shamilov*
CA Bar No. 215636
sshamilov@fenwick.com
Ryan Marton*
CA Bar No. 223979
Ravi R. Ranganath*
CA Bar No. 272981
rranganath@fenwick.com
Shannon Kumagai*
CA Bar No. 295245
skumagai@fenwick.com

*\* Admitted Pro Hac Vice*

*Of Counsel:*

Leslie A. Palmer, Jr.
State Bar No. 15432400
lpalmer@haleyolson.com
HALEY & OLSON, P.C.
510 N. Valley Mills Dr., Ste. 600
Waco, Texas 76710
Phone: (254) 776-3336
Fax: (254) 776-6823

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Counsel for Defendants
AMAZON.COM, INC.
AMAZON DIGITAL SERVICES, INC.

April 8, 2015

## INTRODUCTION

This patent infringement suit belongs in the Northern District of California.[1] Less than a year ago, this Court transferred two Affinity cases to that district, where another Affinity case was already pending, in recognition of the efficiencies necessarily achieved when cases involving related patents, similar defendants, and similar accused technology are heard by a single court. *See Affinity v. Samsung*, Case No. 6:13-cv-00364 ("*Samsung II*"), Dkt. No. 72 at 20 (W.D. Tex. Jun. 11, 2014) (transferring case to the Northern District of California because "a similar patent suit is presently before a judge in the Northern District of California, and . . . the transfer of venue would avoid competing orders, duplicative discovery, and the overall waste of judicial resources") ("*Samsung II* Order"); *Affinity v. BlackBerry*, Case No. 6:13-cv-00362 ("*BlackBerry*"), Dkt. No. 93 at 18 (W.D. Tex. June 11, 2014) (same) ("*BlackBerry* Order"); *see also Affinity v. Samsung*, Case No. 1:12-cv-00557 ("*Samsung I*"), Dkt. No. 97 (E.D. Tex. Sep. 18, 2013) (transferred from the Eastern District of Texas to the Northern District of California before *Samsung II* and *BlackBerry*) ("*Samsung I* Order").

This case is just like *Samsung II* and *BlackBerry*. All three cases involve patents descending from U.S. Patent Application No. 09/537,812, accuse mobile devices including some of the same tablets and smartphones, and involve defendants with strong connections to the Northern District of California. Thus, judicial efficiency requires the Northern District of California to hear these closely related cases.

Moreover, the accused products and services in this case—Amazon's Kindle mobile devices and the Amazon Music service and application—were designed and developed in the Northern District of California. Numerous party and non-party witnesses reside there. Amazon's

---

[1] Counsel for Amazon confirms that it conferred in good-faith with counsel for Affinity pursuant to L.R. C-7(i) prior to filing this Motion, and counsel for Affinity indicated it would oppose the Motion.

relevant technical documents are likewise located in that district. Affinity, on the other hand, has no meaningful connection to this district. It is a patent assertion entity whose only connection to this district is the numerous lawsuits it has filed in this Court—several of which have already been transferred to California—and the headquarters it maintains for the sole purpose of filing those lawsuits. Thus, in the interests of justice and convenience, pursuant to 28 U.S.C. § 1404(a), this Court should transfer this case to the Northern District of California.

## STATEMENT OF FACTS

This action is in its infancy. On February 3, 2015, as part of a broad campaign of patent infringement lawsuits,[2] Affinity Labs of Texas, LLC ("Affinity") filed this lawsuit against Amazon.com, Inc. and Amazon Digital Services, Inc. (collectively, "Amazon") alleging infringement of U.S. Patent No. 8,688,085 (the "'085 patent"). (*See* Dkt. No. 1 ("Compl.").) Affinity accuses mobile devices, including Amazon's Kindle tablets and Fire smartphone, and third-party devices such as Samsung Galaxy smartphones, used to access Amazon's Music service and applications. (Compl. ¶¶ 26-39.)

Affinity does not make or sell any products, much less make any beneficial use of the technologies it claims to own. (Marton Decl., Ex. 1.) Instead, it is a patent assertion entity that enforces the same family of patents against operating companies in the automotive, mobile device, and online radio broadcast fields.[3]

Although Amazon is a Delaware corporation headquartered in Seattle, Washington, it has a substantial presence in the Northern District of California.[4] (Bueche Decl. ¶¶ 2-3.) For exam-

---

[2] Case Nos. 9-08-cv-00163-00164, 9-08-cv-00171, 9-09-cv-00047, 1-11-cv-00036, 1-11-cv-00349, 1-12-cv-00205, 1-12-cv-00557, 1-12-cv-00580, 1-12-cv-00582, 6-13-cv-00362-00370, 6-14-cv-00396; 1-14-cv-00499; 1-14-cv-00508; 6-15-cv-00029-00033.

[3] *See, e.g.,* W.D. Tex. Case Nos. 6-13-cv-00363 against Ford Motor Co., 6-13-cv-00369 against Nissan North America, Inc., 6-13-cv-00362 against BlackBerry Limited et al., 6-13-cv-00364 against Samsung Electronics Co., Ltd. et al., 6-15-cv-00030 against DIRECTV, LLC, et al., and 6-15-cv-00031 against NBA Media Ventures, LLC et al.

[4] Amazon Digital Services, Inc. is a wholly owned subsidiary of Amazon.com, Inc. (Bueche

2

ple, over 1,800 Amazon employees design and develop the accused Kindle tablets and Fire phone in Cupertino and Sunnyvale in the Northern District of California. (*Id.* ¶ 3.) Over 130 Amazon employees design and develop the accused Amazon Music service and applications in San Francisco, also in the Northern District of California. (*Id.*) Technical documentation and computer source code relating to the accused technologies are likewise maintained in the Northern District of California and in the Pacific Northwest. (*Id.* ¶ 4.)

At the same time, no technical documentation or computer source code relating to the accused products and services is hosted on servers in the State of Texas. (*Id.* ¶ 5.) No employees with knowledge of the design and development of the accused Kindle tablets and Fire phone are in the State of Texas and only a single engineer who develops source code for a feature of the accused Amazon Music service works out of Amazon's Dallas office, located in the Northern District of Texas. (*Id.* ¶ 5.) This engineer, however, does not possess any unique knowledge that Amazon employees in the Northern District of California do not already have. (*Id.*)

Like Amazon's current employees, relevant third party witnesses also reside in the Northern District of California. At least eleven former Amazon employees with knowledge regarding the accused products and services reside in that district. (*Id.* ¶¶ 6-7.) Samsung engineers who designed, wrote software for, and tested devices compatible with the accused Amazon Music service and applications are also located in that district. (*See* Compl. ¶ 26 ("Amazon makes, uses, and offers for use the Amazon Music application for download on non-Amazon tablets and smartphones, such as on Samsung Galaxy S III"); *Samsung II* Order at 7-8 ("the Android-based software used in the accused smartphones was designed, written, and tested by people who reside in California, which includes the Northern District of California.").) Third parties Google and Apple, which develop smartphones, tablets, and operating systems that interface with the accused Amazon Music service and application, are also headquartered in the Northern District of

---

Decl. ¶ 2.) Both companies are Delaware corporations headquartered in Seattle. (*Id.*)

3

California. (Marton Decl., Exs. 2-3.) Indeed, in its case against Samsung, Affinity subpoenaed Apple and three Apple employees and issued over thirty subpoenas to Google. *See Samsung II* Order at 14.

## ARGUMENT

Under 28 U.S.C. § 1404(a), for the "convenience of parties and witnesses" and "in the interest of justice," a court may transfer a civil action to any judicial district where it could have been brought originally. Courts should transfer cases where the transferee venue is "clearly more convenient" than the plaintiff's chosen venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). "[T]he Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties." *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009). This case could have been brought in the Northern District of California and should be litigated there.

### I. THIS CASE COULD HAVE BEEN BROUGHT IN CALIFORNIA.

The threshold question under Section 1404(a) is whether the claims could have been brought in the proposed transferee district. *Volkswagen II*, 545 F.3d at 312; *Affinity v. Samsung Elec. Co.*, 968 F. Supp. 2d 852, 854 (E.D. Tex. 2013). A patent infringement action may be brought in the district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). This case could have been brought in the Northern District of California because the accused Amazon products and services were designed and developed there, and Amazon has offices in that district. (Bueche Decl. ¶ 3.)

### II. THIS CASE SHOULD BE LITIGATED IN THE NORTHERN DISTRICT OF CALIFORNIA BECAUSE IT IS MORE CONVENIENT.

The Court must next consider the convenience of the parties and witnesses, as well as the interests of justice, by balancing private and public interest factors (*Volkswagen II*, 545 F.3d at 315)—here, both favor transfer of this case to the Northern District of California.

4

### A.  The Private Interest Factors Favor Transfer.

The relevant private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). Each of these factors supports transfer to the Northern District of California.

#### 1.  The Vast Majority of Relevant Documents Are in the Northern District of California.

The relative ease of access to documentary and physical evidence strongly favors transfer to the Northern District of California. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo*, 589 F.3d at 1199 (citing *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). As in *Samsung II* and *BlackBerry*, Amazon's relevant documents are located on the West Coast. (Bueche Decl. ¶ 4.) The bulk of the technical documentation and computer source code related to the accused products and services—constituting the majority of discovery likely to take place in this case—is located and accessible in the San Francisco Bay Area or the Pacific Northwest. (*Id.*) Amazon stores no relevant documents or other information in this district. (*Id.* ¶ 5.)

Technical documentation and computer source code related to third-party devices used in conjunction with the accused Amazon Music service and application are likewise located in the Northern District of California. For example, software for Samsung Galaxy smartphones and tablets—which Affinity specifically alleges in its complaint include the accused Amazon Music service and applications—is designed, written and tested in the Northern District. *See, e.g.*, *Samsung II* Order at 7-8 ("the Android-based software used in the accused smartphones was designed, written, and tested by people who reside in California"). Indeed, Affinity has already "is-

5

sued over thirty subpoenas to Google in *Samsung I*," the developer of "Android technology that is utilized in Samsung devices," and may have to do the same here as its claims implicate the same Samsung products and Android software. (*Samsung II* Order at 14, 13 n.12.)

At the same time, Affinity cannot claim any inconvenience from having to produce documents in California, even if stored in Texas or elsewhere. "Affinity will already be producing several of the same records [e.g., discovery related to the inventors, conception and reduction to practice of the claimed technology, licensing, and evidence of purported commercial success] in the Northern District of California" because *Samsung I*, *Samsung II*, and *BlackBerry*, all pending in that district, involve related patents, similar defendants, and similar accused technology to this case. *Samsung II* Order at 16. Thus, "the relative ease of access to sources of proof favors transfer" to the Northern District of California. *Id.*; *BlackBerry* Order at 15.

  **2.**  **The Cost of Attendance and Inconvenience of Witnesses Strongly Favor Transfer Because the Witnesses Are Located Over 1,400 Miles Away from This District.**

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I,* 371 F.3d at 204-05.

The engineering teams responsible for the design and development of both the accused Kindle tablets and smartphone and the accused Amazon Music service and applications are primarily located in the Northern District of California—over 1,400 miles away from this district. (Bueche Decl. ¶ 3; Marton Decl., Ex. 4.) For these employees, including specifically Ed Bueche, a software engineer knowledgeable regarding the Amazon Music service and applications, travel from the San Francisco area to Waco, Texas would be inconvenient—there are no direct flights to Waco from any airport in the San Francisco Bay Area and travel time by air would generally be five to six hours. (Marton Decl., Ex. 5.) These witnesses would not be able to complete their

travel within a single day, which would mean a minimum of three days away from family and work. "[A]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). Litigating this case in the Northern District of California would avoid this considerable expense and inconvenience. Any burden to Affinity's witnesses will be minimal because they must already travel to the Northern District of California in connection with the two *Samsung* and *BlackBerry* matters pending there. This factor strongly favors transfer.

### 3. The Availability of Compulsory Process to Secure Witness Attendance Favors Transfer.

A court's subpoena power over potential witnesses is generally limited by Federal Rule of Civil Procedure 45(c)(1)(A), which bars a court from commanding non-party witnesses to travel more than 100 miles from their homes or businesses. Given this strict limitation, the lack of availability of compulsory process to secure the attendance of non-party witnesses here favors transfer. *See, e.g.*, *In re Genentech*, 566 F.3d at 1345 ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly."). As described in Mr. Bueche's declaration, the Northern District of California is the home of at least eleven former Amazon employees, each of whom was involved in the design and development of the accused Amazon technology and is a potential witness in this case. (Bueche Decl. ¶¶ 6, 7.) At least three of these individuals know aspects of the design and development history of the accused technology that current employees do not necessarily possess. (*Id*. at 6.)

The Northern District of California is also home to numerous Google, Apple, and Samsung engineers responsible for developing devices and software used to access the Amazon Music service and applications. (*See, e.g.*, Marton Decl., Exs. 2-3; *Samsung I* Order at 7-8; *see also*

7

*Samsung II* Order at 13-14 ("Since Affinity's infringement claims will center on the source code that was developed by these third-party software engineers, it is clear that these witnesses may offer key testimony and evidence in connection with this case.").) Given the number of non-party witnesses with knowledge potentially relevant to the claims and defenses in this case, the trial court may have to use its subpoena power to secure these witnesses' attendance at deposition and trial.[5] Because Affinity's witnesses are generally "individuals . . . involved with Affinity and its patents," the California court would not likely need subpoena power to compel their attendance. *Samsung II* Order at 14. As this Court found in *Samsung II* and *BlackBerry*, the Northern District of California's advantage in securing attendance of non-party witnesses favors transfer. *Id.*; *BlackBerry* Order at 13.

### 4. No Practical Problems Favor Proceeding in This District.

"[J]udicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *Samsung II* Order at 17; *BlackBerry* Order at 15. Three similar lawsuits have been transferred to the Northern District of California—this Court must consider those cases when analyzing judicial economy. *Samsung II* Order at 17-18; *BlackBerry* Order at 16.

The California court is already familiar with "several of the parties and witness[]," the "shared claim terms and subject matter," and "common prior art and accused products." *BlackBerry* Order at 15-16. For example, like the accused mobile devices in this case, the cases currently pending in California involve smartphones and tablets. *See, e.g., Samsung II* Order at 3, n. 4 (accusing "smartphones, tablets, and portable music players"). The Affinity cases currently pending before this Court, however, involve "automobile . . . sound systems" and "broadcast sys-

---

[5] To prepare its defenses, Amazon will need to gather documents and obtain testimony related to prior art to the '085 patent. Relevant documents and witnesses are more likely to be found in the Northern District of California than in this district. For example, Google and Apple, potential sources of prior art documentation and employees knowledgeable about that art, are based in the Northern District of California. (Marton Decl., Exs. 2-3.)

8

tems"—neither of which is at issue here. *See, e.g., Affinity v. Ford Motor Co.*, Case No. 6-13-cv-00363, Dkt. No. 1 at 6 (W.D. Tex. Nov. 21, 2013) (accusing "Ford automobiles with sound systems"); *Affinity v. NBA Media Ventures, LLC*, Case No. 6-15-cv-00031, Dkt. No. 1 at 5 (W.D. Tex. Feb. 3, 2015) (accusing "a broadcast system"). Until now, this Court has never had to invest resources in understanding technology relating to smartphones, tablets, or applications used to deliver audio content to such devices—technology that Affinity accuses in this case and in the *Samsung I*, *Samsung II*, and *BlackBerry* cases in California. Thus, "judicial economy would be served by having one judge try the case," in the Northern District of California. *Samsung II* Order at 18; *BlackBerry* Order at 16.

### B. Public Interest Factors Favor Transfer to the Northern District of California.

The relevant public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Volkswagen II*, 545 F.3d at 315. The Northern District of California has a greater interest in adjudicating this case; the remaining public factors are neutral.

#### 1. The Northern District of California Has a Far Greater Interest in Adjudicating This Case.

"The Northern District of California has an interest in protecting intellectual property rights that stem from research and development in Silicon Valley." *Samsung I* Order at 5. Amazon employs over 1,900 people with knowledge relating to the accused technologies in the Northern District of California. (Bueche Decl. ¶ 3.) The accused Kindle devices, Fire Phone, and Amazon Music service and applications are designed and developed in that district. (*Id.*) The engineers responsible for these products live and work in that district. (*See id.*)

The Western District of Texas, by contrast, does not have a compelling interest in this litigation. Amazon does not develop or design the accused technologies in this district and does not

9

maintain relevant documents and other information in this district. Affinity is only nominally based in Austin, and this Court already found that its minimal connection to this district was outweighed by the significant convenience and judicial economy of litigating cases involving similar patents and accused technologies in California. *Samsung II* Order at 20. Indeed, in another case, Affinity opposed transfer to this district, belying any suggestion that this district is substantially more convenient for it than any other. *See Affinity v. Apple, Inc.*, Case No. 8:09-cv-00047, Dkt. No. 29 (E.D. Tex. Aug. 10, 2009). This factor thus favors transfer.

### 2. The Other Factors Are Neutral.

Although statistics may show time to trial is faster in this district, this Court "cannot ignore the potential efficiencies gained by the Northern District of California based on its familiarity of similar technologies and patents through its oversight of *Samsung I* [and now *Samsung II*, and *BlackBerry*]." *Samsung II* Order at 6-7*; BlackBerry* Order at 6-7. Speed to trial is also less important where, as here, the plaintiff is a patent assertion entity that "does not make or sell any product that practices the claimed invention." *Samsung II* Order at 6; *BlackBerry* Order at 6 (citing *In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011).) Further, since "both federal courts are familiar with relevant law" and "there is no known conflict of laws or foreign law at issue in this case," as in *Samsung II* and *BlackBerry*, the final two public interest factors are neutral. *Samsung II* Order at 8; *BlackBerry* Order at 8. In any event, none of these factors outweighs the private interest factors and California's substantial interest in this case.

### CONCLUSION

There are now *three* cases pending in California involving similar patents, parties, and accused subject matter. Allowing this case to proceed here would waste judicial resources, unnecessarily inconvenience parties and non-parties who live and work 1,400 miles away, and deprive the parties of the opportunity to have one judge manage similar cases. In the interest of justice, this Court should transfer this case to the Northern District of California.

                Respectfully, submitted,

                */s/ Ryan Marton*
                J. David Hadden*
                CA Bar No. 176148
                dhadden@fenwick.com
                Saina S. Shamilov*
                CA Bar No. 215636
                sshamilov@fenwick.com
                Ryan Marton*
                CA Bar No. 223979
                Ravi R. Ranganath*
                CA Bar No. 272981
                rranganath@fenwick.com
                Shannon Kumagai*
                CA Bar No. 295245
                skumagai@fenwick.com

                **\*** *Admitted Pro Hac Vice*

                FENWICK & WEST LLP
                Silicon Valley Center
                801 California Street
*Of Counsel:*           Mountain View, California 94041
                Telephone: (650) 988-8500
Leslie A. Palmer, Jr.     Facsimile: (650) 938-5200
State Bar No. 15432400
lpalmer@haleyolson.com    Counsel for Defendants
HALEY & OLSON, P.C.     AMAZON.COM, INC.
510 N. Valley Mills Dr., Ste. 600  AMAZON DIGITAL SERVICES, INC.
Waco, Texas 76710
Phone: (254) 776-3336
Fax: (254) 776-6823

April 8, 2015

**CERTIFICATE OF CONFERENCE**

Pursuant to L.R. C-7(i), this statement certifies that counsel for Defendants conferred with counsel for Plaintiff concerning this motion on April 6, 2015. Plaintiff opposes this motion.

*/s/ Ryan Marton*
Ryan Marton

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on April 8, 2015.

*/s/ Ryan Marton*
Ryan Marton