# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>AMAZON.COM, INC.; )<br>AMAZON DIGITAL SERVICES, INC., )<br>)<br>Defendant. ) | CASE NO. 6:15-CV-00029-WSS<br><br>**JURY TRIAL DEMANDED** |

## AFFINITY LABS' OPPOSITION TO AMAZON'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Throughout Amazon's motion, it treats its own convenience as the dispositive issue in this dispute, and disregards the inconvenience that a transfer to the Northern District of California will cause Affinity Labs. Not once in its brief does Amazon even acknowledge that Affinity Labs, its inventors, and virtually all relevant Affinity witnesses reside permanently in this district, and the inventions were conceived here. There is no other district to point to for the location of Affinity Labs. Amazon knows this, having cited to this Court's Orders finding these same facts, but Amazon still has the audacity to state that Affinity Labs, "is a patent assertion entity whose only connection to this district is the numerous lawsuits it has filed in this Court … and the headquarters it maintains for the sole purpose of filing those lawsuits." This false statement is telling. Amazon is a big company, and Affinity Labs is a small one, and therefore Amazon believes that it has a right to dictate where this litigation takes place, even if that forum is, by its own acknowledgement, not where Amazon itself is headquartered or located.

That is not how venue works under United States law. Affinity Labs has chosen to bring this suit in a court in the same district where its headquarters, employees, and relevant third-party witnesses are located. Affinity Labs has chosen to bring this suit in a court that has substantial experience with the relevant technology and the patents in this family. Affinity Labs has chosen to bring this suit in a court that has a track of record of resolving cases efficiently. Amazon cannot overturn this choice unless it can demonstrate that the Northern District of California is the clearly more convenient venue. Amazon cannot meet this burden, because almost every factor this Court must consider either heavily weighs against transfer or is neutral. For that reason, Amazon's motion should be denied.

**Factual Background**

I. **Affinity Labs has deep ties to the Western District of Texas.**

This case concerns Amazon's willful infringement of U.S. Patent No. 8,688,085 ("the '085 patent") by making, using, selling, and offering for sale its Amazon digital music services. From the time of their first conception, the inventions of the '085 patent and the

other patents in its family have been a product of the Western District of Texas. Both of the men who conceived of the claimed inventions, developed them, and reduced them to practice did so in Austin, Texas. White Decl., ¶ 7. Those same two inventors filed for patent protection using Texas attorneys. *Id.* at ¶¶ 10-11. For the next decade and a half, Russell White, one of the named inventors of the '085 patent, worked to commercialize the inventions in the Western District of Texas. *Id.* at ¶ 13. Affinity Labs has its principal place of business in this judicial district. *Id.* at ¶ 4. All of the revenue that Affinity Labs has received and that relates to the patent portfolio including the '085 patent has been declared and taxed here in the state of Texas. *Id.*

The '085 patent itself is directed at a system for managing and streaming media content via both a website accessible via the Internet and a downloadable application for a mobile device, such as a smartphone. The system of claim 1, for example, covers a website where a user can log in, view a customized library of the media available to the user, browse through that media content by title and artist, listen to that streaming media content, and add additional media content to the library via a "store" feature. Ex. 1 at 18:26-41. The system also includes a downloadable application that can be used by a portable electronic device to present a graphical interface including a partial representation of the customized website described above. *Id.* at 18:42-47. Amazon's infringement involves both its downloadable smartphone/tablet applications and its www.amazon.com website.

## II. This Court presided over and resolved seven Affinity Labs cases last year.

Affinity Labs has been involved in a substantial amount of litigation regarding the patents in the '085 patent's family. Most importantly, on November 21, 2013, Affinity Labs filed suit against seven car companies in this Court for infringement of two patents sharing the same specification as the '085 patent.[1] This Court took an active role in ensuring the

---

[1]    Those cases involved Ford (Case No. 6:13-cv-363), Toyota (Case No. 6:13-cv-365), Volvo (Case No. 6:13-cv-366), Honda (Case No. 6:13-cv-367), Jaguar Land Rover (Case No. 6:13-cv-368), Nissan (Case No. 6:13-cv-369), and General Motors (Case No. 6:13-cv-370).

swift and efficient resolution of these cases. This Court held multiple hearings on discovery issues dealing with document productions and infringement contentions. *See* Ex. 2 (Dkt. Nos. 91, 94-95, 103). When the defendants in those actions raised a license defense, this Court received detailed briefing from the parties regarding the correct construction of Affinity Labs' license agreements with Apple and others, and issued an order construing those license agreements on an expedited basis. *See id.* (Dkt. Nos. 103, 143, 146, 153). This Court also actively participated in mediation between Affinity Labs and defendants in these actions. *See id.* (Dkt. No. 209). Finally, this Court received claim construction briefing regarding the disputed terms in the '680 and '191 patents, and was about to conduct a claim construction hearing when the last case settled. *See id.* (Dkt. Nos. 172-75, 181-82, 209). As a result of this Court's hands-on approach, all of Affinity Labs' lawsuits against these seven defendant groups were resolved within a year of Affinity Labs filing its complaints.[2]

### III. The Northern District of California has done no substantive work involving any Affinity Labs patent since 2011.

Throughout its brief, Amazon relies heavily upon the fact that several Affinity Labs litigations have been transferred to the Northern District of California. In the past four years, there have been three such cases.[3] In the first litigation, Affinity Labs filed a complaint against Samsung, HTC, and LG on November 20, 2012 in the Eastern District of Texas for infringing five patents in the same family as the '085 patent. Ex. 9. That case was transferred to the Northern District of California on June 26, 2014. *Id.* The same day, the

---

[2] *See* Ex. 2, Dkt. No. 206; Ex. 3, Dkt. No. 69; Ex. 4, Dkt. No. 55; Ex. 5, Dkt. No. 70; Ex. 6, Dkt. No. 62; Ex. 7, Dkt. No. 88; Ex. 8, Dkt. No. 69.

[3] Affinity Labs also had one earlier litigation against Apple transferred to the Northern District of California more than four years ago. However, this litigation was overseen by a different judge—the Honorable Claudia Wilken—than the Affinity Labs cases currently stayed in that district, which are overseen by the Honorable Yvonne Gonzalez Rogers. That litigation also involved different patents.

defendants brought a motion to stay the case, and the Court granted that motion on August 1, 2014. *Id.* Since that time, the case has remained stayed. *Id.*

The second and third litigations were filed by Affinity Labs in the Western District of Texas against Samsung and Blackberry. Both complaints were filed on November 21, 2013. Ex. 10, 11. Those cases were transferred to the Northern District of California on June 11, 2014. *Id.* On August 12, 2014, the cases were stayed pending *inter partes* review proceedings. *Id.* Since that time, no substantive activity has occurred on either case. *Id.* In none of the litigations above did the Northern District of California receive claim construction briefing, rule on discovery motions, consider dispositive motions. *Id.* In each case, the Northern District of California's only action was issuing orders staying the case indefinitely.

Notably, at around the same time that it transferred the Samsung and Blackberry cases to the Northern District of California, this Court denied Ford Motor Company's motion to transfer its litigation against Affinity Labs to the Eastern District of Michigan. In its order in that case—which Affinity Labs will refer to as *Affinity v. Ford*, and which is attached to this opposition brief as Exhibit 12—this Court recognized this district's quick time to trial, the substantial number of Affinity Labs witnesses in the Western District of Texas, and Affinity Labs' strong connection to this judicial district. That litigation is of course now resolved.

## Argument

Under Supreme Court precedent, a plaintiff's venue selection is considered his or her "venue privilege," and "plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581-82 (2013); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). A party seeking to transfer a case under 28 U.S.C. § 1404(a) bears the burden of showing that a transfer is necessary. The Fifth Circuit places a "significant" burden of proof upon the movant to "show good cause for the transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Because of this, "when the transferee venue is not clearly more convenient than the venue chosen by the

plaintiff, the plaintiff's choice should be respected." *Id.* As discussed below, Defendants have not shown that the Northern District of California would be a "clearly more convenient" venue for this litigation. Amazon's motion should therefore be denied.

I.  **The public interest factors strongly weigh against transferring the case.**

   A.  **This case will proceed to trial far faster in Waco than in California.**

The first public interest factor the Court must consider is court congestion. As the Federal Circuit has noted, "[t]he real issue is not whether transfer will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). In the present case, this Court has set a trial date for May 9, 2016, a little more than a year away. This date is consistent with this district's track record of quickly and efficiently resolving prior Affinity Labs cases, all of which settled within a year of filing. In contrast, the Northern District of California takes an average of two-and-a-half years to dispose of civil cases like this one. *See* Ex. 13. This case will clearly proceed to trial far more quickly in this Court than it would if it were transferred to the Northern District of California.

Amazon concedes in its brief that "statistics may show time to trial is faster in this district." Def. Br. at 10. Its only counter-argument on this factor is that this Court, when transferring a prior Affinity Labs case to the Northern District of California, acknowledged "potential efficiencies" that may arise "based on [that court's] familiarity of similar technologies and patents through its oversight of *Samsung I*." It is true that this Court made that statement. But this Court no longer has to speculate about whether transferring this case to California will result in "potential efficiencies"—it can simply look at whether those "potential efficiencies" came into being when the last case was transferred. And it is undeniable that they did not. The moment that this court transferred the prior *Samsung* litigation to the Northern District of California, that court stayed the litigation. *See* Ex. 10. It has remained stayed ever since.

Seventeen months have passed since Affinity Labs filed suit against Samsung and Blackberry in the case that was transferred to the Northern District of California, and nothing has happened. The seven cases that remained in this court were all resolved in less than a year. This factor weighs heavily against transfer.

**B.    The Western District of Texas has a significant local interest in this case.**

In considering which district has a stronger localized interest in the case, courts typically look to where each party is located. The district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case. *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F. Supp. 2d 703, 712 (N.D. Tex. 2009). Affinity Labs was founded in this judicial district, its principals conceived of the inventions at issue in this judicial district, and Affinity Labs maintains its principal place of business in this judicial district. Given this, the Western District of Texas clearly has a localized interest in the resolution of this dispute. Indeed, this Court has previously recognized as much, finding that this district's interests in a prior Affinity Labs litigation were "striking given Affinity's principal place of business in the Western District." *Affinity v. Ford*, Ex. 12 at 6.

In contrast, as Amazon concedes in its brief, its principal place of business and headquarters are in Seattle, Washington. Def. Br. at 2. While Amazon has a presence in the Northern District of California, as detailed below, Amazon has represented to other courts that the focus of its digital content distribution services is in Seattle, and not in California. Indeed, "95% of all engineers and employees" relating to Amazon's distribution of digital content are headquartered in Seattle and "[a]ll of the documents, including highly proprietary engineering information, financial records, and the source code relating to the www.amazon.com website, its design, development, data flow, and operation are stored at, or accessible from, computer servers located at Amazon's Seattle headquarters," not northern California. Ex. 14 at ¶¶ 3, 8. Consequently, this factor weighs against transfer.

**II.    The private interest factors weight against transferring the case.**

   **A.    The interests of judicial economy strongly weigh against transfer.**

One of the primary things this Court must consider is whether a transfer will aid the interests of judicial economy. *See, e.g., In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). In the present case, this Court has extensive experience with the plaintiff, the patent family at issue in this case, and with factual issues that will be relevant to this litigation. As described in greater detail above, this Court has successfully overseen more than a half-dozen cases involving Affinity Labs patents with specifications identical to the specification of the '085 patent. This Court was an active participant in those litigations, deciding discovery disputes and issues relating to infringement and invalidity contentions. This Court oversaw mediation involving Affinity Labs and at least one defendant, and received detailed claim construction briefs from the parties relating to the scope of the invention described in the specification at issue in this case.

This Court also presided over the construction of Affinity Labs' license agreements with third parties, including its agreement with Apple. After receiving detailed briefing from all parties, this Court issued an order defining precisely what constituted a licensed product under Affinity Labs' agreement with Apple. See Ex. 2 (Dkt. Nos. 103, 143, 146, 153). Amazon may contend that the Apple agreement is relevant to this case, as Amazon offers an application available for download onto Apple devices such as iPhones and iPads. This Court's specialized and detailed knowledge of this subject cannot be overlooked, and it weighs against transfer.

Amazon relies upon the Samsung and Blackberry litigations that were transferred from this district to the Northern District of California to argue that transferring this case would aid judicial economy. But the Northern District of California has no familiarity with the patent-in-suit or its technology at this point. As described above, the Northern District of California never received claim construction briefing or dispositive motions in those cases, or presided over any substantive dispute. In each Affinity Labs case transferred to the Northern District of California in the last four years, that court has quickly issued an order staying the case indefinitely, and has done nothing else. Put simply, this Court has

familiarity that will make it easier for it to preside over this dispute, and the Northern District of California does not. This factor weighs heavily against transfer.

## B. Affinity Labs' third-party witnesses are within this Court's subpoena power.

The Court must also look at the availability of compulsory process to secure the attendance of witnesses. As outlined in the Declaration of Russell White, attached to this opposition brief, essentially all of Affinity Labs' potential witnesses are within the Western District and the subpoena power of this court. This includes the principals of Affinity Labs; Mr. White's co-inventor, Kevin Imes; Mr. White's wife, who has knowledge regarding Mr. White's initial work on the invention; multiple patent attorneys involved with prosecuting patents in the '085 patent's family; and individuals that Mr. White consulted with during his initial efforts to monetize the invention described in the '085 patent's specification. *See* White Decl., ¶¶ 3. 7-11, 13. Many of these individuals have had to be deposed in prior Affinity Labs cases. All of these individuals are in the Western District of Texas, and none of them are within the subpoena power of the Northern District of California.

Amazon contends that this factor supports transfer because various former employees live in the Northern District of California, and three of them allegedly "know aspects of the design and development history of the accused technology that current employees do not necessarily possess." Def. Br. at 7. But Amazon gives no indication as to why a deposition of any of these individuals would be necessary. Indeed, the only specific person Amazon has identified as a possible trial witness is Ed Bueche. Def. Br. at 6. Amazon also points to the location of other technology companies like Google, Apple, and Samsung in California. But again, apart from the vague connection that Amazon makes applications for phones and these companies are involved in the design and sales of smartphones, Amazon does not explain why any of these companies would need to be subpoenaed in the present case.[4]

---

[4] Amazon also claims that Affinity Labs issued over thirty subpoenas to Google in its case against Samsung. Def. Br. at 4. This is incorrect. Affinity Labs served a single subpoena on Google with approximately thirty document requests.

This Court has previously acknowledged that Affinity Labs has "a number of witnesses with relevant information" subject to this Court's subpoena power. *Affinity v. Ford*, Ex 12 at 11. This factor weighs against transfer.

C. **Amazon's documents are primarily in Washington, not California.**

This Court must also look to the relative ease of access to sources of proof. In patent cases such as this one, this typically takes the form of documentation relating to the accused devices. Amazon contends that its documents are generally "in the San Francisco Bay Area or the Pacific Northwest." Def. Br. at 5. In submissions to other courts, Amazon has been more specific, indicating that its relevant documents are actually in Seattle, and not California. For example, as described above, the system claimed in the '085 patent relates to the "media library" portion of the www.amazon.com website. Amazon has told other courts that its technical documentation relating to that website is located in Washington, not California:

> Amazon's retail websites, including the processes for distributing digital content to its customers, were designed, developed, engineered, and implemented in Seattle, Washington. . . . All of the documents, including highly proprietary engineering information, financial records, and the source code relating to the www.amazon.com website, its design, development, data flow, and operation are stored at, or accessible from, computer servers located at Amazon's Seattle headquarters.

Ex. 14 at ¶¶ 3, 8. Notably, Amazon does not address the issue of its website at all in its transfer brief, instead attempting to convince this Court that the only technology at issue in this case is smartphones.

Amazon has represented to courts that other materials important to this case are in Seattle, as well. For example, Amazon has affirmed under oath that its documents relating to marketing, advertising, and sales—which will be relevant to damages in this case—are located in Seattle. *Id.* at ¶ 10. Similarly, documents related to Amazon's willful infringement will be in Seattle, as the individuals that Affinity Labs knows to be relevant to this issue are both in Seattle. *See* Ex. 15. Thus, it appears that Amazon will need to move this information regardless of which venue

this Court deems to be appropriate. This factor does not weigh in favor of transfer to the Northern District of California, but rather is neutral.

### D. One party's witnesses will have to travel more than a thousand miles regardless of which district tries this case.

Finally, the Court must consider the cost of attending trial for willing witnesses. Amazon's brief focuses entirely on the potential inconvenience of its witnesses that would result from traveling from California to Texas.[5] But as described above, all of Affinity's potential witnesses live in the Western District of Texas. If this case were transferred, all that would happen is that Affinity Labs' witnesses would have to make the same California-to-Texas trip in reverse.[6] In either scenario, one party's witnesses will have to travel more than a thousand miles. Transfer of venue for the convenience of parties and witnesses must render the litigation *more convenient* as a whole; it cannot merely shift inconvenience between the parties. *See In re Google Inc.*, 412 F. Appx. 295, 296 (Fed. Cir. 2011). Consequently, this factor is neutral.

### Conclusion

Amazon has failed its burden of proof. In fact, on balance, this district is clearly the more convenient forum in which this litigation should be heard. For the foregoing reasons, Affinity Labs respectfully requests that Amazon's motion to transfer venue to the Northern District of California be denied.

---

[5]   Even then, this argument ignores the relevant witnesses in Seattle, Washington, who are knowledgeable about www.amazon.com, damages-related information, and Amazon's pre-filing knowledge of the '085 patent which is relevant to Amazon's willful infringement. All of these witnesses will need to travel regardless of whether the case is in this district, or the Northern District of California.

[6]   Amazon argues in its motion that Affinity's witnesses will not be inconvenienced by this because they will already have to travel to California for other litigations. But as explained above, Affinity's witnesses have not had to travel to California for those cases because they are stayed indefinitely. As Mr. White makes clear in his affidavit, neither he nor any other Affinity Labs witness has traveled to California for an Affinity Labs case in the past four years. *See* White Decl., ¶ 15

Dated: <u>April 20, 2015</u>                    Respectfully submitted,

By: /s/ *John P. Palmer*

**Naman Howell Smith & Lee, PLLC**
John P. Palmer (State Bar No. 15430600)
P.O. Box 1470
Waco, TX 76703-1470
(254) 755-4100
Fax: (254) 754-6331
palmer@namanhowell.com

**Robins Kaplan LLP**
Ronald J. Schutz (MN No. 130849)*
Cyrus A. Morton (MN No. 287325)*
Patrick M. Arenz (MN No. 386537)*
Daniel R. Burgess (MN No. 389976)*
Shira T. Shapiro (MN No. 390508)*
Kristine A. Tietz (MN No. 393477)*

800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
RSchutz@RobinsKaplan.com
CMorton@RobinsKaplan.com
PArenz@RobinsKaplan.com
DBurgess@RobinsKaplan.com
SShapiro@RobinsKaplan.com
KTietz@RobinsKaplan.com

*Admission to the Western District of Texas Pending

**Counsel for Plaintiff**
**Affinity Labs of Texas, LLC**

## Certificate of Service

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document (Affinity Labs' Opposition to Amazon's Motion to Transfer Venue to the Northern District of California) via the Court's CM/ECF system on April 20, 2015.

                        */s/  John P. Palmer*