**United States District Court**
**Western District of Texas**
**Waco Division**

| | |
|---|---|
| Affinity Labs of Texas, LLC, | ) |
| Plaintiff, | ) The Honorable Jeffrey C. Manske |
| vs. | ) Case No. 6:15-cv-00029-WSS-JCM |
| Amazon.com, Inc. | ) **Jury Trial Demanded** |
| Amazon Digital Services, Inc. | ) |
| Defendants. | ) |

**Plaintiff Affinity Labs of Texas, LLC's Opposition to Defendants'**
**Motion to Strike Declaration of Dr. Kevin C. Almeroth (Dkt. No. 52-1)**

## Introduction

Affinity Labs is entitled to its day in court. Due Process does not afford Amazon the ability to resolve factual disputes in its favor based on unsupported attorney argument alone while also preventing Affinity Labs from introducing relevant evidence on the same issue in opposition to a Rule 12 motion. Amazon's motion to strike should be denied. Indeed, this Court is not prohibited from considering Dr. Almeroth's declaration as Amazon suggests. And it would be unjust for the Court to strike the declaration, and accept Amazon's unsupported attorney argument, in light of the extreme relief of invalidating a patent that Amazon seeks in its Rule 12 motion. A proper analysis under §101 in this case requires Amazon to prove key fact issues by clear-and-convincing evidence; namely, that the claimed inventions lack an inventive concept and that the claims preempt "playing media on a portable device," as Amazon has argued. While Affinity Labs bears no burden in this analysis, it is also entitled to be heard and offer rebuttal evidence on these substantive fact disputes. The declaration of Dr. Almeroth sets forth relevant evidence, from a qualified expert, about the state of the art and problems within that art before the claimed invention. The declaration also sets forth other foundational evidence about what was not routine or conventional at that time, and rebuts Amazon's broad and unmeasured arguments about preemption. The Court should consider Dr. Almeroth's declaration and deny Amazon's motion for judgment on the pleadings. Affinity Labs, therefore, respectfully requests the Court deny Amazon's motion to strike.

## Argument

**I.    Amazon is incorrect that the law requires the Court to strike Dr. Almeroth's declaration.**

Amazon relies on a footnote from a Northern District of Texas decision for the bold proposition that because Dr. Almeroth's declaration was neither attached nor referenced in the complaint, "it must, therefore be stricken." Amazon Br. at 2-3 (citing *Hildebrandt v. Indianapolis Life Ins. Co.*, No. 3:08-cv-1815-B, 2009 U.S. Dist. LEXIS 27407, at *21-22 n.3 (N.D. Tex. Mar. 30, 2009). The footnote, however, relies on an inapplicable Supreme Court of

1

Arizona decision. And neither the Federal Rules of Civil Procedure nor the Fifth Circuit prohibits the submission of evidence in opposition to a motion for judgment on the pleadings. *See generally* Fed. R. Civ. P. 12; *see also ACE Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008).

To the contrary, "[w]hen 'matters outside the pleadings' are submitted in support of *or in opposition to* a Rule 12(b)(6)[1] motion to dismiss, Rule 12(b) grants courts discretion to accept and consider those materials, but does not require them to do so." *ACE Am. Ins. Co.*, 255 F.R.D. at 188 (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)) (emphasis added); *See also Tremont LLC v. Halliburton Energy Servs.*, 696 F. Supp. 2d 741, 852 ("When either the pleader or the moving party submits materials outside the pleadings in connection with a motion to dismiss, the court must convert the motion into a summary judgment motion under Rule 56 if the court chooses to accept those materials."). In this case, Amazon seeks to invalidate a property right bestowed upon Affinity Labs by the United States government. *See, e.g.*, 35 U.S. Code § 261. And as set forth below, Amazon's motion—and arguments in support thereof—hinges on factual issues it asks for this Court to resolve in its favor on the pleadings. Neither discretion nor Due Process supports Amazon's motion to deny Affinity Labs the ability to offer relevant evidence from a qualified expert on a disputed issue of fact as part of a motion on the pleadings.

## II.   Affinity Labs is entitled to offer rebuttal evidence from Dr. Almeroth because Amazon's attempt to invalidate the '085 patent under §101 raises factual disputes.

Amazon should not be permitted to raise fact issues on which it bears the burden of proof and, at the same time, deny Affinity Labs the ability to offer evidence in rebuttal. While §101 presents a question of law, the legal analysis "can – and often does – 'contain underlying factual issues.'" *Certified Measurement, LLC v. Centerpoint Energy Houston Elec. LLC*, No. 2:14-CV-

---

[1]   "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

627-RSP, 2015 U.S. Dist. LEXIS 39821, at *4 (E.D. Tex. Mar. 29, 2015) (quoting *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340-41 (Fed. Cir. 2013)).[2] Step 2 of the *Mayo* test, in particular, requires Amazon prove by clear-and-convincing evidence that each claim lacks an "inventive concept." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). The *Mayo* test also focuses on the issue of preemption. *See, e.g., id.* 134 S. Ct. at 2354. These issues of "inventive concept" and preemption are inherently factual. *See, e.g., Kenexa Brassring, Inc. v. HireAbility.com, LLC*, 2015 U.S. Dist. LEXIS 56156, at *19 (D. Mass. Apr. 28, 2015); *Ameritox, Ltd. v. Millennium Health, LLC*, No. 13-cv-832-WMC, 2015 U.S. Dist. LEXIS 53818, at *6-7 (W.D. Wisc. Apr. 24, 2015); *TQP Dev., LLC v. Intuit Inc.*, NO. 2:12-CV-180-WCB, 2014 U.S. Dist. LEXIS 20077, at *17-18 (E.D. Tex. Feb. 19, 2014).

Indeed, courts have looked for and required expert analysis on preemption and inventive concept. In *Kenexa*, for instance, the district court denied a defendant's Rule 12 motion because of its unsupported arguments about what was "routine." 2015 U.S. Dist. LEXIS 56156, at *19 ("[A]t the pleading stage, the Court cannot simply assume that defendants' charts accurately reflect 'routine' business practices."). And in *Ameritox*, the district court concluded that the defendant did not meet its burden *after trial* because of a failure to offer expert testimony on the issue of preemption. 2015 U.S. Dist. LEXIS 53818, at *6-7 (finding "defendant failed to offer clear and convincing evidence, in the form of expert testimony or otherwise," to support that

---

[2] While there are instances in which the Federal Circuit has affirmed Rule 12 motions on § 101, the court's analysis is limited and opaque. In *Content Extraction*, the Federal Circuit made clear that the patent owner "conceded at oral argument" that some of the claim elements were "well-known at the time of filing." *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1348 (Fed. Cir. 2014). The Federal Circuit's decisions in *Ultramercial* are far less clear. In *Ultramercial II*, the Federal Circuit recognized the impropriety of addressing the underlying factual issues at the Rule 12 stage. *Ultramercial Inc. v. Hulu, LLC*, 722 F.3d 1335, 1339 (Fed. Cir. 2013) ("Almost by definition, analyzing whether something was 'conventional' or 'routine' involves analyzing facts. Likewise, any inquiry into the scope of preemption—how much of the field is 'tied up' by the claim—by definition will involve historic facts . . .") ("*Ultramercial II*"), *vacated and remanded, WildTangent, Inc. v. Ultramercial, LLC*, 134 S. Ct. 2870 (2014). One year later, however, the court—with a different panel—concluded otherwise without stating its reasoning for making the factual findings that it did. *See generally Ultramercial Inc. v. Hulu, LLC*, 772 F.3d 709, 715-16 (Fed. Cir. 2014) ("*Ultramercial III*").

asserted patent was preemptive). Other courts have recognized that a battle of the experts over §101 is improper for summary judgment. *See*, *e.g.*, *TQP*, 2014 U.S. Dist. LEXIS 20077, at *17-18 (explaining that an "expert's declaration stating that a person of skill in the art would understand that the claimed method could not be performed in the mind but would require the use of a machine" was "by itself is enough to foreclose the entry of summary judgment[.]") (Bryson, J., sitting in designation); *see also Fr. Telecom S.A. v. Marvell Semiconductor Inc.*, 39 F. Supp. 3d 1080, 1096 (N.D. Cal. 2014).

Amazon should not be allowed to deprive Affinity Labs of offering relevant evidence on the issues of preemption and inventive concept—especially where Amazon bears the burden of proof by clear-and-convincing evidence. Amazon's attorneys have made sweeping and unsupported allegations that claim elements—individually and as a whole—were "routine," "conventional," and "well-known," and further, that the claims would preempt present and future applications of playing media on a portable device. *See generally* Amazon Mot. for Judgment on the Pleadings (Dkt. 47) at 12-18; Amazon Reply Br. (Dkt. 56) at 4-8. Dr. Almeroth, a qualified expert unlike Amazon's attorneys, describes the state of the art before the relevant time period for the claimed invention, the issue of preemption, and rebuts Amazon's conclusory attorney argument as to what was routine, conventional, or well-known as of March 2000. *See*, *e.g.*, Decl. of Almeroth (Dkt. 52-1) at ¶¶ 6-14. His declaration is also relevant to a finding that the claimed inventions are new, novel, and non-obvious. *Id*. at ¶¶ 12-14. While novelty is not coextensive with §101, which is *only* a threshold test for patentability, courts recognize that novelty can overlap with a §101 analysis. *See Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1304 (2011) ("We recognize that, in evaluating the significance of additional steps, the § 101 patent eligibility inquiry and, say, the § 102 novelty inquiry might sometimes overlap."); *Ultramercial III*, 772 F.3d at 1754 ("[A]ny *novelty* in implementation of the idea *is a factor to be considered* only in the second step of the *Alice* analysis.") (emphasis added). Dr. Almeroth's declaration, therefore, is relevant evidence in opposition to Amazon's motion to invalidate the '085 patent.

The relevance of Dr. Almeroth's declaration is in contrast to the two cases Amazon relies on where courts declined to consider matters outside the pleadings in a Section 101 context. In both of those cases, the court found the additional evidence irrelevant to disposition of the motion. *See CertusView Techs., LLC v. S&N Locating Servs., LLC*, No. 2-13-cv-00346, 2015 U.S. Dist. LEXIS 7126, at *36 (E.D. Va. Jan. 21, 2015) ("[T]he Court need not resolve the factual dispute between the parties over how locate technicians conduct 'conventional' locate operations because *that dispute does not affect the Court's conclusion* that the patents-in-suit do not claim patent-eligible subject matter.") (emphasis added); *McRO, Inc. v. Namco Bandai Games Am., Inc.*, No. 2:12-cv-10322, 2014 U.S. Dist. LEXIS 135561, at *28 (C.D. Cal. Sept. 22, 2014) (declining to consider declaration on Rule 12 where "*nothing in the Declaration affects the analysis*" and "[e]veryone appears to agree with [the expert's] characterization [of the central part of the patent]") (emphasis added). Here, Dr. Almeroth's declaration is directly relevant to the issues of preemption and inventive concept raised by Amazon's Section 101 motion.

Finally, in light of the recent rash of §101 motions, it bears reflecting on the fact that patent cases are no different from other civil cases for procedural purposes. When an infringer seeks to invalidate a patent on the pleadings, however, the substantive analysis and relief sought is quite different from non-patent cases. In a garden-variety Rule 12 motion to dismiss, the issue in dispute is whether a plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). And even if the pleading is deficient, the plaintiff is almost always allowed to amend its complaint to address the deficiency. Here, Amazon's motion to substantively address one of its affirmative defenses shares no analogue to these traditional Rule 12 motions. First, there is no dispute that Affinity Labs has pled a plausible claim for patent infringement, as patents are presumed valid as a matter of law. *See, e.g.,* 35 U.S.C. §282. Second, unlike a situation where a plaintiff may cure a procedural defect in pleading, Amazon seeks to eliminate a property right in its entirety. At the very least then, Affinity Labs should be afforded the opportunity to offer evidence that is relevant to that determination in light of the extreme relief Amazon requests.

## Conclusion

Amazon would have this Court invalidate the '085 patent claims based on attorney argument alone, and deny Affinity Labs the ability to offer rebuttal evidence. The declaration of Dr. Almeroth—at a minimum—indicates that there are factual disputes regarding preemption and what was conventional and routine in March of 2000. Accordingly, this Court should deny Amazon's motion to strike the declaration of Kevin Almeroth and deny Amazon's motion for judgment on the pleadings.

Dated: May 29, 2015	Respectfully Submitted,

By:	*/s/ John P. Palmer*

**Naman Howell Smith & Lee, PLLC**
John P. Palmer (State Bar No. 15430600)
P.O. Box 1470
Waco, TX 76703-1470
Telephone: (254) 755-4100
Facsimile: (254) 754-6331
palmer@namanhowell.com

**Robins Kaplan LLP**
Ronald J. Schutz (MN Bar No. 130849)
Cyrus A. Morton (MN Bar No. 287325)
Patrick M. Arenz (MN Bar No. 386537)
Daniel R. Burgess (MN Bar No. 389976)
Shira T. Shapiro (MN Bar No. 390508)
Kristine A. Tietz (MN Bar No. 393477)

Western District of Texas Members

800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
RSchutz@robinskaplan.com
CMorton@robinskaplan.com
PArenz@robinskaplan.com
DBurgess@robinskaplan.com
SShapiro@robinskaplan.com
KTietz@robinskaplan.com

**Counsel for Plaintiff**
**Affinity Labs of Texas, LLC**

7

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document (Affinity Labs' Opposition to Defendants' Motion to Dismiss) via the Court's CM/ECF system on May 29, 2015.

May 29, 2015                                         */s/ John P. Palmer*